IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **MITSUKO MAEDA** | * | |
| Petitioner, | * | |
| v. | * | Civil No.: 1:19-cv-02396-ELH |
| **TOMMY KWOKWING WONG** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF JAPANESE LAW

I, Keiko Imazato, hereby depose and say as follows:

1. I am over the age of eighteen (18), I am competent to be a witness, and I have personal knowledge of the facts and matters stated in this Affidavit.

2. I am a lawyer in good standing in Japan and I am qualified to interpret the laws of Japan. I read, write, and speak English and Japanese fluently. I specialize in international family law in Japan. A copy of my curriculum vitae is attached hereto as Exhibit A and incorporated herein.

3. I am informed that the Petitioner, Mitsuko Maeda (the "Mother") and the Respondent, Tommy Kwokwing Wong (the "Father") were married on May 14, 2007. I have confirmed that the Father is named on the Mother's family register in Japan as spouse. A copy of the family certificate is attached hereto as **Exhibit B** and incorporated herein.

4. I am informed that the Mother and Father are the parents of a son T.M., born in 2009, and a daughter H.M., born in 2011 (collectively the "children").

5. Both children were born in Japan.

6. I have confirmed that the parties and the children are named on the Mother's family register in Japan (**Exhibit B**) and that the Mother is the biological mother of the children.

7. Under Japanese law, both parents have joint rights of custody, namely parental

authority, by operation of law pursuant to the Civil Code of Japan, which states:

> (1) A child who has not attained the age of majority shall be subject to the parental authority of his/her parents . . . .
>
> (3) Parental authority shall be exercised jointly by married parents; provided that if either parent is incapable of exercising parental authority, the other parent shall do so.

*See* Article 818. Copies of the relevant provisions of the Japanese Civil Code (in English and Japanese) are attached hereto collectively as **Exhibit C**.

8. "A person who exercises parental authority holds the right, and bears the duty, to care for and educate the child for the child's interests." Japanese Civil Code, Art. 820.

9. A person who exercises parental authority shall determine the child's residence. Japanese Civil Code, Art. 821.

10. The rights and responsibilities of a person entitled to parental authority under Japanese law necessarily involve the "care of the child" and is a right of custody under Article 5*a* of the 1980 Hague Convention on the Civil Aspects of International Child Abduction.

11. The Mother and Father have joint parental authority over the children under Japanese law.

12. Pursuant to the Japanese Civil Code, separated parents continue exercising the statutory joint parental authority over their children unless the court orders either parent as a sole (physical) custody holder. In the case of divorce by agreement, parents shall determine which parent shall have parental authority in relation to a child, and in the case of judicial divorce, the court shall determine which parent shall have parental authority. *See* Art. 819.

13. There have been no custody orders entered by any Japanese court relating to the parents and children in this case.

14. The Mother has the rights of custody described herein by operation of law even without any orders being entered relating to the children by any Japanese courts, and she had

these rights at the time the Father announced his unilateral retention of the children in the United States.

15. At the time of the Father's retention of the children in the United States, the parties had (and continue to have) joint parental authority over the children by operation of law in accordance with the provisions of the Japanese Civil Code as fully set forth above.

16. I hold the above opinions to a reasonable degree of certainty in my field of expertise.

PURSUANT TO 28 U.S.C.A. §1746, I DECLARE UNDER THE PENALTY OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING ARE TRUE AND CORRECT.

Dated: 26 August 2019

Keiko Imazato
Attorney-at-law
2-13-14, #601
Akasaka, Minato-ku
Tokyo
Japan
Tel. : +81 03 5562 0571
Fax : +81 03 5562 9841
imazatok@tkh.att.ne.jp