**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **MITSUKO MAEDA** | * | |
| Petitioner, | * | |
| v. | * | Civil No.: 1:19-cv-02396-ELH |
| **TOMMY KWOKWING WONG** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT SCHEDULING ORDER**

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. § 9001** *et seq.*

On September 5, 2019, the Court held a Show Cause Hearing pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), the International Child Abduction Remedies Act ("ICARA"), and the Federal Rules of Civil Procedure. The Petitioner's counsel, the Petitioner, the Respondent's counsel, and the Respondent appeared. The Court confirmed that the minor children, T.M., born in 2009, and H.M., born in 2011 (the "children"), are physically located in the jurisdiction of this Court. On the basis of the Show Cause Hearing:

**IT IS ORDERED**:

1. <u>Evidentiary Hearing</u>.  An expedited evidentiary hearing on the Petitioner's Petition for Return of Children to Japan shall be held before this Court on the _____ day of _____, 2019, at ___:___ a.m./p.m. in Courtroom 5B of the United States District Court for the District of Maryland, located at 101 Lombard Street, Baltimore, Maryland 21201. The Petitioner and the Respondent shall appear in person for the evidentiary hearing.

2.       <u>Respondent's Responsive Pleading</u>.  The Respondent shall file his Responsive Pleading to the Petition for Return of Children to Japan, which shall include any exceptions to return he intends to assert, on or before _____ ___, 2019.

3.       <u>Deadline for Disclosure of Experts</u>.  With the exception of any affidavits of foreign law that either party may choose to file in accordance with Article 14 of the Hague Convention and Federal Rule of Civil Procedure 44.1, both parties shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, which shall include a complete copy of any such expert's file, no later than _____ ____, 2019.  Full and complete rebuttal expert disclosures, which shall also comply with Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, and which shall include a complete copy of any such rebuttal expert's file, shall be made no later than _____ ____, 2019.

4.       <u>Deadline for Completion of Discovery</u>.  All discovery, including written discovery, depositions, and depositions *duces tecum*, shall be completed no later than _____ ____, 2019.  Written discovery shall be limited to _____ (__) interrogatories, _____ (__) requests for production of documents, and _____ (__) requests for admission. All written discovery shall be propounded by both parties no later than _____ _____, 2019 and served electronically. The time for each party's responses to any written discovery requests shall be ten (10) calendar days after service.

5.       <u>Filing and Exchange of Witness Lists, Exhibit Lists, and Exhibits</u>.  The parties shall file their proposed Evidentiary Hearing Witness Lists and Exhibit Lists no later than _____ ___, 2019. The parties shall electronically exchange (but not file) copies of all proposed exhibits identified on their respective proposed Exhibits Lists on the same day that the

2

proposed Exhibit Lists are filed. The parties shall electronically serve any stipulations or objections to the proposed exhibits within two (2) business days of the exchange.

6. Mediation. The parties and their counsel, if they agree, shall promptly schedule and participate in private mediation or mediation either with the assigned Magistrate Judge, or with a private mediator, in advance of the evidentiary hearing.

7. Provisional Remedies During Pendency of Litigation.  In accordance with ICARA, 22 U.S.C. § 9004, the following provisional remedies shall be in effect with respect to the parties' children during the pendency of this litigation:

    a. Both parties are prohibited from removing the children or causing the children to be removed from the State of Maryland, pending final disposition of this matter.

    b. All passports and any other travel documents for the children shall be held for safe-keeping by the Clerk of Court until further order of this Court.

    c. The Respondent shall make the children available for in-person contact with the Petitioner, daily communication with the Petitioner through Skype or other electronic video means, or telephone if electronic video means are not available, from the date of this Order until final disposition of the Petition for Return.

    d. The parties, through their respective counsel, shall cooperate to ensure that the children have in-person contact with the Petitioner upon reasonable notice that the Petitioner will be present in Maryland, from the date of this Order until final disposition of the Petition for Return.

Dated this _____ day of _____, 2019.

_____
Ellen L. Hollander, District Judge
United States District Court
  for the District of Maryland

4

**APPROVED AS TO FORM AND CONTENT:**

| | |
|---|---|
| /s/ Kelly A. Powers | /s/ John J. Condliffe |
| Stephen J. Cullen | John J. Condliffe |
| Kelly A. Powers | Levin & Gann, P.A. |
| Leah M. Hauser | 502 Washington Avenue, 8th Floor |
| Miles & Stockbridge P.C. | Towson, MD 21204 |
| 100 Light Street | (410) 321-0600 |
| Baltimore, Maryland 21202 | jcondliffe@levingann.com |
| (410) 385-3629 | |
| (410) 385-3709 (fax) | *Attorneys for Respondent* |
| scullen@milesstockbridge.com | |
| kpowers@milesstockbridge.com | |
| lhauser@milesstockbridge.com | |

*Attorneys for Petitioner*