```
                                              U.S. DISTRICT COURT
                                             DISTRICT OF MARYLAND
     IN THE UNITED STATES DISTRICT COURT    2019 SEP 10 PM 5: 17
          FOR THE DISTRICT OF MARYLAND
                (Baltimore Division)         CLERK'S OFFICE
                                              AT BALTIMORE
```

| | | |
|---|---|---|
| **MITSUKO MAEDA** | * | BY_____DEPUTY |
| Petitioner, | * | |
| v. | * | Civil No.: 1:19-cv-02396-ELH |
| **TOMMY KWOKWING WONG** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.***

On September 5, 2019, the Court held a Show Cause Hearing pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), the International Child Abduction Remedies Act ("ICARA"), and the Federal Rules of Civil Procedure. The parties are the parents of two minor children, T.M., born in 2009, and H.M., born in 2011 (the "children"). This matter is before the Court on a Petition for Return of Children to Japan filed by the Petitioner, Mitsuko Maeda (the "Mother") (ECF #1). The Mother alleges that the Respondent, Tommy Kwokwing Wong (the "Father") wrongfully retained the children in the United States from Japan. The Court has scheduled an evidentiary hearing beginning on November 12, 2019. The Court's inquiry in Hague Convention cases is limited to the merits of the claim for wrongful retention and, if asserted, whether or not any of the narrow discretionary exceptions to return apply. It is not the mandate of this Court to determine custody.

In consideration of the issues before the Court, the Court finds it appropriate to appoint a Guardian ad Litem ("GAL") pursuant to Federal Rule of Civil Procedure 17(c). The parties'

counsel have confirmed that Melissa Kucinski, Esquire has agreed to the appointment as GAL for the children. It is therefore this 10th day of Sept, 2019, hereby:

1. **ORDERED** that Melissa Kucinski, Esquire, MK Family Law, 1717 K Street, NW, Suite 900, Washington, D.C. 20006, (202) 713-5165, melissa@mkfamilylawfirm.com, is hereby appointed as the Guardian ad Litem for the minor children, T.M., born in 2009, and H.M., born in 2011; and it is further

2. **ORDERED** that the GAL shall be compensated at the rate of $250.00 per hour. The parties shall equally divide the costs for the GAL and any expenses incurred by her, subject to the fee shifting statute under ICARA and further order of this Court; and it is further

3. **ORDERED** that the GAL shall conduct an independent and impartial investigation into the facts relevant to the Petition for Return of Children to Japan and any exceptions raised by the Father; and it is further

4. **ORDERED** that the GAL shall participate in mediation between the parties; and it is further

5. **ORDERED**, that the parties, counsel for the parties, and all persons who are custodians of records pertinent to the appointment of counsel for the children, and all persons who otherwise have privileged or confidential information pertaining to the children shall fully cooperate with the GAL in the performance of the duties instructed by this Court; and it is further

6. **ORDERED**, that GAL shall have reasonable access to the children, and to all otherwise privileged or confidential information, including, but not limited to, any protected health or medical information, without the necessity of any further Order of Court, or without the necessity of a subpoena, but upon written request by the GAL together with a copy of this

Order. The GAL's access to privileged and confidential information shall be without the necessity of a signed release, including medical, dental, psychiatric/psychological, social service, drug and alcohol treatment, law enforcement, and educational records and information; and it is further

7. **ORDERED** that the GAL shall have access to the children and, as appropriate in this case, to all significant persons and relevant environments, including but not limited to, the parties' homes and the children's school; and it is further

8. **ORDERED** that the parties shall cooperate fully with the GAL, which cooperation shall include but not be limited to completing and signing release forms authorizing the GAL to obtain health care, education, and other information related to the children; providing the GAL with requested information; answering the GAL's questions fully and truthfully; and making the children available to the GAL upon the receipt of reasonable notice; and it is further

9. **ORDERED** that this appointment shall terminate thirty (30) days after completion of the case ending in a judgment, adjudication, decree, or final order from which no appeal has been taken, and the time allowed for an appeal has expired; and it is further

10. **ORDERED** that all parties shall serve the GAL with any papers filed in this case.

Dated this 10th day of Sept, 2019.

Ellen L. Hollander, District Judge
United States District Court
for the District of Maryland

3

**APPROVED AS TO FORM AND CONTENT:**

/s/ Leah M. Hauser
Stephen J. Cullen
Kelly A. Powers
Leah M. Hauser
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
(410) 385-3629
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com
lhauser@milesstockbridge.com

*Attorneys for Petitioner*

/s/ John J. Condliffe
John J. Condliffe
Levin & Gann, P.A.
502 Washington Avenue, 8th Floor
Towson, MD 21204
(410) 321-0600
jcondliffe@levingann.com

*Attorneys for Respondent*

/s/ Melissa Kucinski
Melissa Kucinski
MK Family Law
1717 K Street, NW, Suite 900
Washington, D.C. 20006
(202) 713-5165
melissa@mkfamilylawfirm.com

*Guardian ad Litem*

4