## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MITSUKO MAEDA** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-02396 ELH** |
| | ) | |
| **TOMMY KWOKWING WONG** | ) | |
| | ) | |
| **Respondent** | ) | |
| | ) | |

## ANSWER

Now comes the Respondent, Tommy Kwokwing Wong, by his attorneys, John J. Condliffe, Esq. and Levin & Gann, P.A., who Answers the Petitioner and states:

1.      In accordance with F.R.Civ.P. 8(b)(3), Respondent denies all of the allegations of the Petition unless specifically admitted.

2.      No response is required to ¶ 1.

3.      In denying ¶ 4, Dr. Wong denies that Japan was the habitual residence of the minor children herein and, accordingly, denies that The Convention on the Civil Aspects of International Child Abduction applies to this matter.

4.      No response is required to ¶¶ 5-6.

5.      In denying ¶ 7, Dr. Wong denies that Japan was the habitual residence of the minor children herein and, accordingly, denies that The Convention on the Civil Aspects of International Child Abduction applies to this matter.  Dr. Wong agrees that this court has jurisdiction to adjudicate the factual question of whether Japan or the United States of America was the habitual residence of the minor children.  Upon a finding that the United States of America was the habitual residence of the minor children, this Honorable Court loses jurisdiction.

6.      Dr. Wong admits the allegations of ¶ 8.

7.      In denying ¶ 9, Dr. Wong notes that he is exclusively a citizen of the United States. He is not "Chinese", although he is proud to be a Chinese-American.  His family relocated to Hong Kong following the communist revolution when Dr. Wong was an infant or toddler.  He was a citizen of the British Crown Colony of Hong Kong—though if his parents went through any type of immigration process to move to Hong Kong, he is unaware.  But when he went to college in the United States, he believes he had a Commonwealth passport.  Dr. Wong is a United States Citizen since 1981.  Dr. Wong is fluent in English, Cantonese, Mandarin and Swatowese.

8.      Dr. Wong objects to the tone and implication of ¶ 10.  In admitting in part and denying in part ¶ 10, Dr. Wong denies that he became a citizen of the United States of America "through his marriage."  Dr. Wong obtained a green card based on his marriage to his first wife, Barbara, to whom he was married for 24 years (1976–2000).  He was honored to apply for and receive United States citizenship—his own decision which was not required of him.  He was honored as an American citizen to work for the Federal government as a GS-15 civilian employee of the United States Army.  He met Petitioner when his Federal job temporarily moved him to Japan.  He admits that he has three children from his first marriage, Jonathan, Stephanie and Melissa.  Dr. Wong is the sole support for Jonathan who is physically disabled.  Dr. Wong maintains a relationship with Stephanie.  Dr. Wong has not spoken to Melissa in many years for complex reasons and does not wish to invade Melissa's privacy further.   Dr. Wong further objects that it is irrelevant and improper to raise decades-old family issues involving persons not party to this action, to the potential detriment of their privacy.

9.      In denying ¶ 11 of the Petition Dr. Wong states that he has been a civilian employee of the United States Army since 1997.

10.     Dr. Wong admits the allegations of ¶¶ 12-13.

11.     Dr. Wong admits the allegations of ¶¶ 16-17 noting that he has no personal knowledge of the Petitioner's employment status since she returned to Japan.  Dr. Wong further notes that his Federal government job position in Japan was with the US Army International Technology Center-Pacific in Tokyo, Japan, part of the United States Army Pacific Command.

12.     In admitting in part and denying in part ¶ 18, Dr. Wong notes that there was no agreement, per se.  There was simply what was done to accommodate jobs and family.

13.     In admitting in part and denying in part ¶ 19, Dr. Wong notes that the Shinkansen bullet train took less than three hours (about 160 minutes) and that this was their usual mode of transportation.

14.     Dr. Wong admits the allegations of ¶ 20.

15.     In denying ¶ 21, Dr, Wong states that he travelled to Kobe virtually every weekend and every holiday or time off that he had unless he was travelling outside of  or within Japan on job-related business travels.

16.     In admitting in part and denying in part ¶ 22, Dr. Wong admits that Ms. Maeda took maternity leave but does not recall the length of time.

17.     Dr. Wong admits the allegations of ¶ 23.

18.     In admitting in part and denying in part ¶ 24, Dr. Wong admits that Petitioner took maternity leave but does not recall the length of time.

19.     Dr. Wong cannot neither admit nor deny the allegations of ¶ 25.  Petitioner took care of this as part of her Japanese heritage.  The children also have United States birth certificates (Consular Report of Birth Abroad).  The Japanese family registry system discriminates against non-citizens in that non-citizen births are not registered under Japanese law.

20.     Dr. Wong admits the allegations of ¶ 26.

21.     Dr. Wong denies the allegations of ¶ 27.  The children's cradle languages are English and Japanese.

22.     Dr. Wong denies the allegations of ¶ 28.  He especially objects to the use of the words "reside separately" as being especially deceitful.  Dr. Wong was a highly involved parent and, of necessity, commuted to the city where he worked as required and maintained a place to live during the work week as necessary.

23.     Dr. Wong denies the allegations of ¶ 31 as being particularly misleading.  The children have United States and Japanese passports.  The children have been in elementary school in Bel Air, Maryland, United States since December 2017— 1¾ years to almost 2 years—¾ of the 1st through  3rd grade for H.M. and  ¾  of the 2nd through 4th grade for T.M.  The children have spent most of their time as schoolchildren in the United States.

24.     In further denying the allegations of ¶ 32 the children are of Japanese and American heritage.

25.     Generally, Dr. Wong can neither admit nor deny the allegations of ¶ 33.  However, he believes the allegations are incomplete.

26.     Dr. Wong admits the allegation of ¶ 34 in that he received a Permanent Change of Station Order as a civilian employee.  Although both he and Ms. Maeda had known throughout their marriage that this would happen, its timing was unexpected.

27.     Dr. Wong admits the allegation of ¶ 35 in that he accepted a new job reassignment to work at the US Army Research Laboratory at the Aberdeen Proving Ground, Maryland, at his grade level.

28.     Dr. Wong denies the allegations of ¶ 36 as terribly misleading.  First, Dr. Wong has been eligible for retirement since he was around 60 years old.  There was never any discussion of retiring and returning to work in Japan.  There was discussion about the very remote possibility of returning to Dr. Wong's US Federal job position in Japan if his job position became open again.

29.     Dr. Wong denies the allegations of ¶¶ 37-42 as a misleading interpretation of the meaning and intent of the communication.

30.     Dr. Wong admits the allegations of ¶ 43 except that his Permanent Change of Station was permanent and not temporary.

31.     Dr. Wong admits the allegations of ¶ 46 except to say that Ms. Maeda applied for her green card—not Dr. Wong—which she received.  Dr. Wong could not and did not make the application for immigration status, which is a privilege and a serious responsibility undertaken by the applicant herself.  Dr. Wong sponsored Ms. Maeda as his spouse.

32.     Dr. Wong admits the allegations of ¶¶ 48-50, 51-52 (except that he is not a military officer) and 53.

33.     Dr. Wong can neither admit nor deny the allegations of ¶ 54.

34.     Dr. Wong admits the allegations of ¶¶ 57-58, and ¶ 60

35.     Dr. Wong admits the allegations of the first sentence of ¶ 61 assuming Ms. Maeda's dates are correct.

36.     Dr. Wong admits the allegations of the first sentence of ¶ 67.

37.     Dr. Wong admits the allegations of ¶ 68.

38.     Dr. Wong admits the allegations of ¶ 69 that he looked for a home without Ms. Maeda because she had left.  He denies the balance of ¶ 69.

39.     Dr. Wong can neither admit nor deny the allegations of ¶¶ 70-71.

40.     Dr. Wong admits the allegations of ¶ 73.

41.     Dr. Wong admits the allegations of ¶ 74 that she visited the United States and stayed in the marital home and he can neither admit nor deny the balance of ¶ 74.

42.     Dr. Wong admits the allegation of ¶ 75.

43.     Dr. Wong admits the allegations of ¶ 76 in that the parties argued that both parties raised their voices.  Ms. Maeda did not simply suggest the parties separate, she demanded a separation and divorce.  He can neither admit nor deny the balance of ¶ 76.

44.     Dr. Wong admits the allegation of ¶ 77.

45.     Dr. Wong admits the allegations of ¶ 80 except that Ms. Maeda has been served.

46.     Dr. Wong can neither admit nor deny the allegations of ¶¶ 82.

47.     Dr. Wong can neither admit nor deny the allegations of ¶ 91 as he has not yet been provided Hague documents.

48.     Paragraph 93 is a legal statement.

49.     Dr. Wong admits the allegation of ¶ 94.

50.     Paragraph 103 is a legal statement.

51.     Dr. Wong can neither admit nor deny the allegations of ¶¶ 105-108.

52.     Dr. Wong can neither admit nor deny the allegations of ¶ 114 as he has not yet been provided Hague documents.

53.     Dr. Wong admits the allegation of ¶ 116.

54.     Paragraph 118-119 are legal statements.

55.     Dr. Wong admits and denies ¶ 121 in the sense that children have ties to both their cultures.

56.     Dr. Wong admits the allegation of ¶ 122 that the children should have contact with Ms. Maeda and denies the balance of ¶ 122.

57.     Paragraphs 125-126 are legal statements.

58.     Dr. Wong admits the allegation of ¶¶ 128-129 he bought the house on South Shaffer Drive but objects to the use of the word unilateral since Ms. Maeda had asked for a divorce.  He decided not to move immediately before this case was ever filed to avoid further potential changes for the children.

59.     The allegations of ¶¶ 132-139 are legal requests or statements.

60.     Dr. Wong admits the allegation of ¶ 140(a)-(d) except for the hyperbole of "wrongful retention" which is not a distinction under the UCCJEA.

61.     The allegations of ¶¶ 141 and 143 are legal requests or statements.


*John J. Condliffe*
_____
John J. Condliffe, Esq.
Levin & Gann, P.A.
502 Washington Avenue, 8th Floor
Towson, MD 21204
410-321-0600
jcondliffe@levingann.com
Federal Bar No. 09010