FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| MITSUKO MAEDA | | * |
| Petitioner, | | * |
| v. | | * Civil No.: 1:19-cv-02396-ELH |
| TOMMY KWOKWING WONG | | * |
| Respondent. | | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## VOLUNTARY RETURN ORDER WITH UNDERTAKINGS IN THE NATURE OF A PARENTING AGREEMENT

This Voluntary Return Order ("VRO"), directing return of the minor children to Japan, is made pursuant to Article 7 of the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 *et seq.*, and with the express consent and agreement of all parties, as evidenced by the signatures of both parties (collectively the "parties" or "parents"), both parties' counsel and the court-appointed Guardian ad Litem below. It is therefore this 22nd day of October, 2019, by the United States District Court for the District of Maryland, hereby:

1. **ORDERED**, that by agreement of the parties, the minor children, T.M, born in 2009, and H.M., born in 2011 (the "children"), shall return to their habitual residence of Japan on or before November 30, 2019, travelling in the company of the Petitioner, Mitsuko Maeda (the "Mother"), subject to the express undertakings contained in Paragraph 5 (i)-(xix) below. The Mother and Father shall share the cost for the children's airline return tickets to Japan; and it is further

1

2. **ORDERED,** that all rights of both parties contained with this VRO shall be enforceable in the United States and in Japan by direct execution as that term is understood under Japanese law and that this remedy, by express consent of the parties, shall be available; and it is further

3. **ORDERED,** that the Respondent, Tommy Kwokwing Wong (the "Father") shall deliver the children to the Mother on November 30, 2019 at 5:00 a.m. EST at the American Airlines check-in counter at Thurgood Marshall Baltimore Washington International Airport; and it is further

4. **ORDERED,** that the Father's counsel shall release the children's United States and Japanese passports to the Mother's counsel on Wednesday, November 27, 2019 and the Mother's counsel shall then return the children's United States and Japanese passports to the Mother on November 29, 2019; and it is further

5. **ORDERED,** that by agreement of the parties, the Mother and Father expressly undertake as follows:

    (i) The Mother and Father shall cooperate forthwith upon entry of this VRO to have the provisions of this Paragraph 5 of the VRO entered as a mirror order, which shall be recorded as a conciliated decree by the Japanese Family Court, which has the same effect as a binding and final judgment in Japan in accordance with Article 268 of Japan's Act on Procedures for Domestic Relations.

    (ii) In the event the Japanese mirror order has not been recorded as a conciliated decree on or before November 30, 2019, despite the parties' joint cooperation and best efforts for it to be so recorded, either of the parties shall so notify this Court and the children's return to Japan shall be

2

          postponed and rescheduled to five (5) calendar days after the Japanese conciliated decree has been recorded.

(iii)    The children's United States and Japanese passports shall be held by the Mother during the Mother's custodial time and while the children have access time with the Father in Japan. During the children's access with the Father outside of Japan, the Father shall hold the children's United States and Japanese passports and shall promptly return all passports to the Mother at the conclusion of his access time. The Father shall timely and promptly notify the Mother of the children's exact location during all his periods of access and shall provide the Mother with an emergency contact telephone number and another family member's emergency contact telephone number.

(iv)    The children shall live in Japan with the Mother and shall have access with the Father as set forth below.

(v)    The Mother and Father shall jointly exercise parental authority (also known as legal custody and also known as 親権) over both children.

(vi)    The Mother shall have primary physical custody of the children and shall be the children's primary carer.

(vii)    In the event of a divorce between the Mother and Father, the parties shall continue to have joint parental authority (joint legal custody, 共同親権) and the Mother shall continue to have primary physical custody.

(viii)    The Father shall have access with the children as follows, regardless of whether the parties remain married or become divorced:

3

(a) The access schedule shall be in consideration of the Japanese school schedule and breaks. The parties acknowledge that there are three primary breaks in the Japanese school schedule, which depends on the particular school in which the children are enrolled. Those breaks are: (i) Winter Vacation, which ordinarily occurs for approximately ten (10) days during the end of December until the beginning of January; (ii) Spring Vacation, which ordinarily occurs for approximately ten (10) days during the end of March and/or the beginning of April; and (iii) Summer Vacation, which ordinarily occurs for five (5) weeks from the end of July until the end of August. By way of example only, for the Japanese school year 2018-2019, the breaks have been as follows: (i) Winter Vacation from December 26, 2018 until January 6, 2019; (ii) Spring Vacation from March 26, 2019 until April 4, 2019; and (iii) Summer Vacation from July 22, 2019 until August 27, 2019.

(b) If the Father is not living in Japan, he shall have access with the children in Japan upon reasonable notice to the Mother for two (2) days during the weekdays, and during all weekends, whenever he is physically in Japan, for up to three weeks during any one trimester period.

(c) If the Father is not living in Japan, during all Spring Vacations, as defined in subsection (a) above, the Father shall have reasonable and liberal access with the children in Japan up to a maximum of five (5) days for each break; however, if the break is greater than twelve

        (12) calendar days, the Father shall have the remaining number of days over twelve (12) days in addition to his five (5) days. While Father understands the impracticability of travel to the United States, he will be permitted to travel in the Asiatic region to countries permitted in (e) below.

(d)    If the Father is not living in Japan, during all Winter Vacations, as defined in subsection (a) above, the parties shall alternate access to the children, with Father having the Winter Vacation period in 2020-2021, the Mother having the Winter Vacation period in 2021-2022, and the parties alternating the Winter Vacation thereafter. The Father shall be permitted to travel with the children as set forth in subsection (e) below.

(e)    During the Summer Vacations as defined in subsection (a) above, the Father shall have the children full-time with no restriction as to the location (in Japan, United States, or any other countries) the Father deems appropriate to bring the children, except as set forth herein. The Father shall pay all costs of the children's travel during the Summer Vacations. During the Summer Vacation, the Father does not need to justify the location where the children will visit with the Father, except that there shall be no visits to countries or regions of countries with United States Department of State Level 3 or Level 4 warnings during the time of the visit, or which are not signatories to The Hague Convention and which have not ratified The Hague Convention with both the United States and Japan. The

5

    Mother shall have the children with her for either the first or last period (defined as ten consecutive days) of the Summer Vacation, subject to the Mother providing the Father ninety (90) days' notice of her chosen period prior to the commencement of that one period. The Father shall timely and promptly notify the Mother of the children's exact location during all his periods of access and shall provide the Mother with an emergency contact telephone number and another family member's emergency contact telephone number.

 (f) If Mother travels with the children outside her residence for more than two (2) days, she will likewise promptly notify the Father of the children's exact location during all her periods of access and shall provide the Father with an emergency contact telephone number and another family member's emergency contact telephone number.

 (g) Regardless of whether the Father is living in Japan, he shall have additional access time with the children in Japan on the children's birthdays and at school events (including but not limited to athletics, concerts, and academic events);

(ix) The children shall attend Maya Elementary School in Kobe City, Japan. After completion of elementary school, the children shall attend a public junior high school and secondary school within the school district for Mother's residence, or alternatively, by agreement with the parties, the children may be enrolled in a private school, at the Mother's sole expense.

6

(x) Should there be a desire to enroll the children in supplementary-schooling, this decision shall be a joint custodial decision. Music lessons, swimming lessons, other sports lessons, camps and extra-curricular activities shall be arranged by the parent with custody during the periods when the children are with that parent.

(xi) Both parties must inform the other of extra-curricular activities, school events, sports events and similar activities as soon as the activity is known.

(xii) Daily communication between the children and the non-custodial parent is set to begin at 7:00 PM local time where the children are physically located at the time of the communication. The duration of the communication (by phone or by video conference or by text messaging) shall be determined by the engaging parties (the children and the non-custodial parent).

(xiii) Both parents shall be entitled to all school, medical and other records of the children without limitation. Each parent shall provide all such records from their country of residence upon request, and at the cost of the requesting parent, as an accommodation to language and cultural barriers that may or may not exist.

(xiv) After three years from the date of entry of this VRO, the children shall be permitted to fly as unaccompanied minors on any airline, if the airline allows unaccompanied travel at their age of the travel. Either party (but not both parties) may choose to accompany the children during the air travel at their sole expense. The first party to provide notice to the other of his or her intent to accompany the children during the air travel shall have the first right to do so.

(xv) The Mother and Father shall encourage the children to love and respect the other parent and the other parent's family. Neither parent shall alienate or attempt to alienate or diminish the affections of the children from the other parent or disparage or allow others to disparage the other parent in the presence of the children. Both parents shall promote a healthy and on-going relationship between the children and both of their respective extended families. Both parties shall ensure that the children are present for any life-changing family events.

(xvi) The Father shall forthwith voluntarily dismiss the custody, divorce, and child support claims he has filed in the Circuit Court for Harford County, Maryland, Case No. C-12-FM-19-001184 (the "state court"). The Father shall forthwith request that the state court vacate the temporary ex parte ne exeat Order entered on July 10, 2019 in light of this VRO. The parties shall forthwith cooperate to execute a marital settlement agreement, whereby each party keeps their own tangible and intangible property. The parties shall then forthwith take all steps to obtain an uncontested divorce hearing in the Circuit Court for Harford County, which shall then be registered in the Kobe City government office as soon as practicable.

(xvii) The parties shall each pay their own attorneys' fees, suit money, necessary expenses, and costs associated with the conciliation process in Japan.

(xviii) Both parents shall immediately inform the other within two (2) hours of any medical condition requiring urgent care or emergency care and within 24 hours of any other medical condition requiring medical treatment more serious than a cold.

    (xix) Subject to the jurisdiction of the court, in the event of the death of either parent, the living parent shall have sole legal and physical custody;

and it is further

6. **ORDERED**, that by agreement of the parties, the evidentiary hearing scheduled in this matter to begin on November 12, 2019 is hereby CONTINUED in accordance with Paragraph 7 below, or in the alternative, until this matter is dismissed with prejudice in accordance with Paragraph 8 below; and it is further

7. **ORDERED**, both parties shall timely and promptly cooperate with the Japanese conciliation process set forth in Paragraph 5 above, and, after reasonable good faith efforts to resolve all issues among the parties' counsel, either party shall so notify this Court of any failure to cooperate and the evidentiary hearing in this matter shall be put back on the Court's calendar to be heard on the Court's first available date; and it is further

8. **ORDERED**, that by agreement of the parties, the Mother shall file a Notice in this Court: (i) that the children have been returned to their habitual residence of Japan; (ii) that the Father's custody, divorce, and child support claims in Harford County have been dismissed and the ne exeat Order vacated; and (iii) that this VRO has been mirrored and recorded as a conciliated decree by the Japanese Family Court, which has the same effect as a binding and final judgment in Japan. Upon the filing of the Mother's Notice so confirming, this matter shall be DISMISSED WITH PREJUDICE; and it is further

9. **ORDERED**, that by agreement of the parties, except as provided in Paragraphs 6 and 7 above, this Court shall retain jurisdiction for the limited purpose of enforcing the terms of this VRO; and it is further

10. **ORDERED**, that by agreement of the parties, each party shall pay his or her own attorneys' fees, suit money, necessary expenses, and costs associated with this matter, and each

party waives any and all claims against the other under The Hague Convention and/or ICARA for necessary expenses and attorneys' fees; and it is further

11. **ORDERED**, that this VRO is not a determination of the merits of any custody issues within the meaning of Article 19 of The Hague Convention; and it is further

12. **ORDERED**, that this VRO is made under the authority of 22 U.S.C. 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 7 of the 1980 Hague Convention.

SO ORDERED, this 22nd day of Oct, 2019.

*/s/ Ellen L. Hollander*
Hon. Ellen L. Hollander
United States District Judge
United States District Court
for the District of Maryland

**APPROVED AS TO FORM AND CONTENT:**

*/s/ Mitsuko Maeda*
Mitsuko Maeda
*Petitioner*

*/s/ Stephen J. Cullen*
Stephen J. Cullen, Bar No.: 11838
Kelly A. Powers, Bar No.: 28567
Leah M. Hauser, Bar No. 14156
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
(410) 385-3629
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com
lhauser@milesstockbridge.com

*Attorneys for Petitioner*

*/s/ Tommy K Wong*
Tommy Kwokwing Wong
*Respondent*

*/s/ John J. Condliffe*
John J. Condliffe, Bar No.: 09010
Levin & Gann, P.A.
502 Washington Avenue, 8th Floor
Towson, Maryland 21204
(410) 321-0600
jcondliffe@levingann.com

*Attorneys for Respondent*

10

*Melissa A. Kucinski*
Melissa A. Kucinski, Bar No.: 17653
MK Family Law
1717 K Street, N.W.
Suite 900
Washington, D.C. 20006
(202) 713-5165
melissa@mkfamilylawfirm.com

*Guardian ad Litem*